UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A BORJA, CDCR #T-54311, | Civil No. 10cv1379 BEN (WMc) |
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL [ DOC. NO. 7.]** |
| v. | |
| F. GONZALEZ; J. GONZALEZ; M. ALVAREZ; C. NEAL; DELEAT, | |
| Defendants, | |

On June 30, 2010, Plaintiff, a state prisoner proceeding *pro se*, filed a motion for appointment of counsel in this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. No. 7.] In his civil rights complaint, Plaintiff alleges Defendants' failure to supervise the recreation yard led to serious injuries in violation of the Eighth and Fourteenth Amendments. [Complaint, Doc. No. 1.] Plaintiff seeks appointment of counsel in the above-entitled matter to assist him with medical experts and discovery, which he anticipates will be complex. [Motion, Doc. No. 7.]

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). The Court may request an attorney to voluntarily represent a person proceeding *in forma pauperis* who is unable to afford counsel. 28 U.S.C. § 1915(d). However, such a request may only be made under section 1915 in "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). A determination of exceptional circumstances requires the Court's consideration of: (1) the likelihood of success on

1 the merits, and (2) the ability of the Plaintiff to state his claims *pro se* in light of the complexity of the
2 legal issues involved. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Neither the need for
3 discovery, nor the fact the *pro se* litigant would be better served with the assistance of counsel require a
4 finding of exceptional circumstances. *Id.* Both of the exceptional circumstances factors must be
5 considered together before reaching a decision. *See Rand*, 113 F.3d at 1525; *Terrell*, 935 F.2d at 1017;
6 *Wilborn,* 789 F.2d at 1331.

7       In light of the early stage of the proceedings with no answer from Defendants on file, the Court
8 cannot make a determination on Plaintiff's likelihood of success on the merits of his failure to supervise
9 and medical indifference claims. The Court does note, however, mere negligence in treating a medical
10 condition, without more, does not constitute deliberate indifference under the Eighth Amendment.
11 *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

12       After careful consideration of the initial pleadings in this case, the Court finds the issues
13 involved are not particularly complex and plaintiff has thus far been able to adequately present his
14 claims. The Court does not find exceptional circumstances exist to warrant appointment of counsel at
15 this time. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED without prejudice.**

16     **IT IS SO ORDERED.**

17 DATED: September 23, 2010

                                  Hon. William McCurine, Jr.
                                  U.S. Magistrate Judge
                                  United States District Court