UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A BORJA, CDCR #T-54311, | Civil No. 10cv1379 BEN (WMc) |
| Plaintiff, | **REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO GRANT DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| F. GONZALEZ; J. GONZALEZ; M. ALVAREZ; C. NEAL; DELEAT, | |
| Defendants, | |

## I.

## INTRODUCTION

In this prisoner civil rights case, Jose A. Borja ("Plaintiff") is proceeding *pro se* and *in forma pauperis* ("IFP") pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915(a). Plaintiff alleges a violation of his federal constitutional right to be free from cruel and unusual punishment under the Eighth and the Fourteenth Amendment's right to equal protection under the law. [Doc. No. 1 - Complaint at p. 2.] On October 25, 2010, Defendants filed a motion to dismiss certain causes of action in the Complaint; namely Plaintiff's Fourteenth Amendment Equal Protection claim and Plaintiff's claim for monetary damages against Defendants in their official capacities. [Doc. No. 14 - Defs. Motion at 2:8-10]

This Report and Recommendation is submitted to United States District Judge Roger T. Benitez pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.3 of the United States District Court for the Southern District of California. After reviewing the pleadings and parties' briefs, for the reasons set

forth below, the Court recommends that the Motion to Dismiss of Defendants be **GRANTED/DENIED** as discussed in detail below.

## II.

## FACTUAL BACKGROUND

Plaintiff alleges on August 8, 2007, he was attacked by two fellow inmates in the recreation yard at Calipatria State Prison. Plaintiff claims the correctional officers supervising the recreation yard that day failed to provide proper oversight and placed him in danger due to their inattention. Plaintiff alleges he had to run to safety after five to seven minutes of being attacked and receiving 44 stab wounds from handmade weapons. [Doc. No. 1 - Complaint at p. 3.] Plaintiff asserts his belief that, if personnel had at the very least been manning the gun tower on the day of the incident, his injuries would have been prevented or reduced. [Doc. No. 1 - Complaint at pp. 4-6.] Plaintiff claims correctional staff was aware of the high likelihood of violence on the recreation yard due to Calipatria State Prison's history of stabbings. *Id.* Plaintiff claims Defendants violated his rights under the Eighth and Fourteenth Amendments. [Doc. No. 1 - Complaint at p. 10.] Plaintiff sued Defendants in their individual and official capacities. [Doc. No. 1 - Complaint at p. 2.] Plaintiff seeks injunctive relief, compensatory damages and punitive damages. [Doc. No. 1 - Complaint at p. 11.]

## III

## STANDARD OF REVIEW - Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is sufficiently plausible when the facts pled "allow the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). If an adverse litigant believes that its opponent has failed to meet the mandates of Rule 8(a)(2), it may raise a motion to dismiss pursuant to Rule 12(b)(6).

A motion to dismiss tests the legal sufficiency of a claim (*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)), and should be granted if a plaintiff's complaint fails to contain "enough facts to state a

claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1949).

## IV.
## DISCUSSION

**A.  Equal Protection**

The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.* 473 U.S. 432, 439 (1985).  "Equal protection rights are violated when (1) a person is a member of an identifiable class; (2) that person is intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  Thus, Plaintiff must allege facts which show: (a) he is a member of a protected class, and (b) Defendants acted with an intent or purpose to discriminate against him because of his membership in that class. *Hernandez v. New York*, 500 U.S. 352, 359-60 (1991); *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265 (1977).

Defendants claim Plaintiff has failed to allege facts sufficient to state a Fourteenth Amendment claim.  Specifically Defendants assert Plaintiff has not established he is a member of a protected class or that similarly situated individuals were treated differently with a rational basis.

After review of Plaintiff's Complaint and opposition brief, the Court finds Plaintiff has failed to state a claim for denial of equal protection because he has failed to allege facts which demonstrate he is a member of a protected class. *Village of Willowbrook*, 528 U.S. at 564.  Prisoners are not a suspect class for equal protection purposes, nor are they entitled to the same treatment received by other inmates simply because they are all incarcerated. *See Norvell v. Illinois*, 373 U.S. 420, 83 S. Ct. 1366, 10 L.Ed.2d 456 (1963); *Mayner v. Callahan*, 873 F.2d 1300, 1302 (9th Cir. 1989).  Although Plaintiff alleges stabbings are a frequent occurrence at Calipatria State Prison, he has not alleged he was treated differently from other inmates who were attacked at the institution.  The Complaint lacks the necessary allegations to support an equal protection claim, **IT IS THEREFORE RECOMMENDED** that the

Court **GRANT** Defendants' Motion to Dismiss Plaintiff's equal protection claim for failing to state a claim upon which relief can be granted. Plaintiff has not previously been granted leave to amend, and it may be possible for him to plead additional facts to adequately state an equal protection claim. *See McQuillon v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) ("leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to *pro se* plaintiffs.") For these reasons, **IT IS FURTHER RECOMMENDED** the Fourteenth Amendment Equal Protection claim be dismissed with leave to amend.

**B. Eleventh Amendment Immunity For Official Acts**

Defendant seeks dismissal of Plaintiff's monetary damages claim to the extent it is based on acts taken in an official capacity. While the Eleventh Amendment bars a prisoner's section 1983 claims against state actors sued in their official capacities, it does not bar damage actions against state officials in their personal capacities. *Will v. Michigan*, 491 U.S. 58, 66 (1989); *Hafer v. Melo*, 502 U.S. 21, 31 (1991). In addition, it does not bar actions against state officers in their official capacities if the plaintiff seeks injunctive relief. *Chaloux v. Killeen*, 886 F.2d 247, 252 (9th Cir. 1989)

Here, Plaintiff has sued Defendants in their official and individual capacities. Plaintiff's prayer also seeks compensatory and punitive damages as well as injunctive relief. So while Plaintiff is foreclosed from seeking money damages against Defendants in their official capacity, he may still seek injunctive relief against the Defendants in their official capacity as well as money damages against the Defendants in their individual capacity.. Accordingly, **IT IS RECOMMENDED** Defendants' motion to dismiss Plaintiff's claim for money damages ONLY against Defendants in their official capacity be **GRANTED with prejudice.** Plaintiff's claim for injunctive relief may not be dismissed on these grounds. *See Chaloux*, 886 F.2d at 252.

**V.**

**CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order:

1. **GRANTING** Defendants' motion to dismiss Plaintiff's claim for money damages against Defendants in their official capacity with prejudice;

2.  **GRANTING** Defendants' motion to dismiss for failure to state an equal protection claim without prejudice; and that Plaintiff be granted leave to amend his equal protection claim; and

3.  Finding that if Plaintiff does not amend his complaint within 30 days, Plaintiff's current complaint will be the operative complaint in this matter and the only actionable remaining claim would be Plaintiff's Eighth Amendment claim for cruel and unusual punishment, which Plaintiff can pursue for money damages against Defendants in their individual capacities and for which he can seek injunctive relief against Defendants in their official capacities.

**IT IS ORDERED** that **no later than January 4, 2011** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the court and served on all parties **no later than January 18, 2011.** The parties are advised that failure to file objections within the specified time may result in waiver of the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *see also Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED:   December 15, 2010

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court