UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE A. BORJA | ) | Civil No. 10cv1379 WMc |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION FOR** |
| v. | ) | **COURT-APPOINTED EXPERT** |
| | ) | **[Doc. No. 39.]** |
| F. GONZALEZ, J. GONZALEZ, M. ALVAREZ, C. NEAL, C. DELEAT | ) ) | |
| | ) | |
| Defendants. | ) | |

## I. INTRODUCTION

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff filed this action on June 30, 2010. [Doc. No. 1.] The case now proceeds on the First Amended Complaint filed on February 14, 2011, on Plaintiff's claim that Defendants violated his Eighth Amendment right to remain free from cruel and unusual punishment when Defendants did not protect Petitioner against a jailhouse attack. [Doc. No. 21, First Amended Complaint.] The District Court dismissed Plaintiff's Fourteenth Amendment Equal Protection Claim on July 5, 2011. [Doc. No. 31.] A telephonic pretrial conference is presently set for January 6, 2012. [Doc. No. 35.]

On November 10, 2011, Plaintiff filed a motion for court-appointed expert. [Doc. No. 39.] Plaintiff requests the Court order an expert under Rule 706 of the Federal Rules of Evidence to assist him with his claim under the Eighth Amendment. *Id.*

*///*

*///*

1                                                                      10cv1379 BEN (WMc)

## II.  STANDARD OF REVIEW

An expert witness may testify to assist the trier of fact in understanding the evidence or a fact at issue.  Fed. R. Evid. 702.  Under Rule 706(a) of the Federal Rules of Evidence, the district court has discretion to appoint an expert on its own motion or on the motion of a party.  Fed. R. Evid. 706(a); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999)(appointment of an expert to assist the court in evaluating conflicting evidence of unfamiliar disease was appropriate).  An expert witness may be appropriate if the evidence to be presented at trial is complex.  Fed. R. Evid.. 702 ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise . . .").

## III.  DISCUSSION AND ORDER THEREON

The Eighth Amendment prohibits punishment that involves the "unnecessary and wanton infliction of pain."  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).  The Eighth Amendment's cruel and unusual punishment clause is violated when prison officials are deliberately indifferent to a prisoner's serious medical needs.  *Estelle*, 429 U.S. at 105.  "Medical" needs include a prisoner's "physical, dental, and mental health."  *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982); *Hunt v. Dental Dept.*, 865 F.2d 198, 200 (9th Cir. 1989).

To show "cruel and unusual" punishment under the Eighth Amendment, the prisoner must point to evidence in the record from which a trier of fact might reasonably conclude that Defendants' medical treatment placed Plaintiff at risk of "objectively, sufficiently serious" harm and that Defendants had a "sufficiently culpable state of mind" when they either provided or denied him medical care.  *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995) (internal quotations omitted).  Thus, there is both an objective and subjective component to an Eighth Amendment claim.  *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002); *Toguchi*, 391 F.3d at 1057 ("To establish an Eighth Amendment violation, a prisoner 'must satisfy both the objective

1  and subjective components of a two-part test.'") (quoting *Hallett v. Morgan*, 296 F.3d 732, 744
2  (9th Cir. 2002)).

3      As explained above, in assessing Plaintiff's deliberate indifference claim, the finder of fact will
4  conduct an objective and subjective analysis of Defendants' state of mind. *Farmer v. Brennan*, 511 U.S.
5  825, 838-839 (1994). Expert testimony is not required to adequately evaluate evidence of Defendants'
6  state of mind at the time of the incident. *Ledford v. Sullivan*, 105 F.3d 354, 359 (7th Cir. 1997). Such a
7  task is not complex and does not call for special expertise.

8      Petitioner also requests the Court appoint a medical expert to interpret the medical documents
9  which describe the injuries he suffered. [Doc. No. 39.]  In his First Amended Complaint, Plaintiff lists
10 the following injuries: pain on the right side of his body resulting in dizziness, inability to sleep on the
11 right side of his body, and emotional and mental trauma. [First Amended Complaint, Doc. No. 21 at
12 15.] An objective evaluation of the severity of Plaintiff's injuries lies within a lay person's grasp and
13 does not involve complicated medical issues that require the clarification of scientific, technical or
14 specialized evidence. *Id*. at 359-360.

15     Accordingly, Plaintiff's Motion for Appointment of an Expert is **DENIED without prejudice.**

16     **IT IS SO ORDERED.**

17 DATED:  November 14, 2011

                                                    Hon. William McCurine, Jr.
                                                    U.S. Magistrate Judge, U.S. District Court

20 Copy to:

21 PRISONER *PRO SE*
   ALL COUNSEL OF RECORD