UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE A. BORJA | ) | Civil No. 10cv1379 CAB (WMc) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S** |
| v. | ) | **MOTION TO APPOINT COUNSEL** |
| | ) | |
| F. GONZALEZ, J. GONZALEZ, M. | ) | **[ECF. No. 57]** |
| ALVAREZ, C. NEAL, C. DELEAT | ) | |
| | ) | |
| Defendants. | ) | |

## I.  INTRODUCTION

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  Plaintiff filed this action on June 30, 2010.  [ECF No. 1.]  The case now proceeds on the First Amended Complaint filed on February 14, 2011, on Plaintiff's claim that Defendants violated his Eighth Amendment right to remain free from cruel and unusual punishment when Defendants did not protect Petitioner against a jailhouse attack.  [ECF No. 21, First Amended Complaint.]  Plaintiff seeks appointment of counsel in the above-entitled matter to assist him with legal research and other issues in light of his limited access to the prison law library, lack of legal training and the perceived complexity of his case.  [Motion, ECF No. 57  at pp. 2-3.]

## II.  STANDARD OF REVIEW

There is no constitutional right to counsel in a civil case.  *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981).  The Court may request an attorney to voluntarily represent a person proceeding *in forma pauperis* who is unable to afford counsel.  28 U.S.C. §  1915(d).  However, such a request may

only be made under section 1915 in "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).  A determination of exceptional circumstances requires the Court's consideration of: (1) the likelihood of success on the merits, and (2) the ability of the Plaintiff to state his claims *pro se* in light of the complexity of the legal issues involved.  *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).  Neither the need for discovery, nor the fact the *pro se* litigant would be better served with the assistance of counsel require a finding of exceptional circumstances.  *Id.*  Both of the exceptional circumstances factors must be considered together before reaching a decision. *See Rand*, 113 F.3d at 1525; *Terrell*, 935 F.2d at 1017; *Wilborn,* 789 F.2d at 1331.

## III.  DISCUSSION AND ORDER THEREON

In this matter, Plaintiff alleges correctional officers failed to protect him from a jailhouse attack in violation of the Eighth Amendment.  [ECF No. 57 at p. 2.]  After careful consideration of the failure to protect claim in the First Amended Complaint, the Court finds the issue of cruel and unusual punishment presented therein is not particularly complex.  Moreover, despite Plaintiff's assertion of limited access to the prison law library as a result of layoffs and short staffing, Plaintiff's access and communication with the court has not been hindered as he has been able to successfully file several pleadings and motions throughout the history of this case including an amended complaint, a motion for extension, a motion to compel and the instant motion for appointment of counsel.  The Court does not find exceptional circumstances exist at this time to warrant appointment of counsel.  Accordingly, Plaintiff's motion for appointment of counsel is **DENIED without prejudice.**

**IT IS SO ORDERED.**

DATED: April 16, 2012

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court

Copy to:

PRISONER *PRO SE*
ALL COUNSEL OF RECORD